**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | | **CRIM. NO. PX-10-29 (VOSR)** |
| | | **PX-17-101** |
| | * | |
| **Marcus Morris** | * | |
| **Defendant** | | |

******

**MEMORANDUM ORDER**

Pending before the Court is defendant Marcus Morris' pro se motion for compassionate release in the above captioned cases.  PX-10-29, ECF No. 132; PX-17-101, ECF No. 88.  Morris asks this Court to reduce his aggregate 36-month prison term to time served in light of the COVID-19 pandemic and mother's ill health.  *Id.*  For the reasons set forth below, the Motion will be DENIED.

18 U.S.C. § 3582(c)(1)(A) permits a district court to modify a defendant's sentence for "extraordinary and compelling reasons" and taking into account "the factors set forth in section 3553(a) to the extent that they are applicable."  Before a defendant may so move, he must first exhaust all administrative rights "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  The Court finds that Morris has exhausted his administrative remedies.  *See* PX 10-29, ECF No. 137.  Accordingly, the Court must determine whether Morris has shown "extraordinary and compelling reasons" justifying release and whether such release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Importantly, since the First Step Act, the Bureau of Prisons "is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,' and courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  Pertinent to this motion, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id.  See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

By Morris' own admission, he is in good health and suffers from none of the co-morbidities that place other individuals at risk of serious complications due to COVID-19.  PX-17-101, ECF No. 87 ¶¶ 59-60.  *Cf. People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed October 7, 2020).  Rather, Morris seeks reduction of sentence based on his admirable performance while in the Bureau of Prison's and concerns for his mother's fragile health.

The Court concludes that neither ground, together or separately, constitute sufficient "extraordinary" justification for early release.  Even if Morris had demonstrated otherwise, the Court further finds that the sentence imposed is sufficient but not greater than necessary to

achieve all purposes of sentencing. Morris received an aggregate 36-month sentence for possessing a firearm after having sustained a felony conviction, in violation of 18 U.S.C. § 922(g), and for violating his federal supervised release imposed for a *previous* firearms offense under the same statute. *See* Crim. No. PX-10-29, ECF Nos. 65, 77. The Court, more particularly, sentenced him to roughly *half* the prison term he had originally received for the earlier offense under the same statute. *Compare* Crim. No. PX-29, ECF No. 77 (Hon. Roger W. Titus imposing 63-month prison term for 18 U.S.C. § 922(g) violation), *with* Crim. No. PX-7-101, ECF No. 85 (24-month prison term) *and* Crim. No. PX-101, ECF No. 111 (12-month consecutive prison term). Morris has not provided any evidence that a lesser sentence would constitute just punishment, reflect the seriousness of the offense, afford sufficient deterrence, or promote respect for the law, even when considering the challenges that his family faces as a result of the COVID-19 pandemic.

This decision does not in any way trivialize Morris' concern about the COVID-19 pandemic. And the Court sympathizes with his very real fear that the pandemic has brought to us all. But on this record, the Court cannot conclude that reducing Morris's sentence even further is supportable. *Cf. United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release [.]").

The Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (PX-10-29, ECF No. 132 and PX 17-101, ECF No. 88) is accordingly DENIED. The Clerk is DIRECTED to mail a copy of this Memorandum Order to Morris at FCI Butner Medium in Butner, North Carolina.

Dated: October 16, 2020

                                          /S/

                                Paula Xinis
                                United States District Judge